# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| THOSE AMAZING PERFORMERS, LLC d/b/a Team AeroDynamix,<br>      Plaintiff,<br><br>      v.<br><br>INTERNATIONAL COUNCIL OF AIR SHOWS, INC.,<br>      Defendant. | CAUSE NO.: 2:15-CV-273-RL-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion for Leave to File Plaintiffs' Amended Complaint and Join Additional Plaintiffs [DE 41], filed by Plaintiff Those Amazing Performers, LLC d/b/a Team AeroDynamix on June 17, 2016. Defendant has not filed a response, and the time to do so has passed. In the instant Motion, Plaintiff requests that the Court grant leave for Plaintiff to amend the Complaint to join its pilots Michael Stewart, Danny Kight, Robert Gibbons, Tad Sargent, and John Hornbeck as plaintiffs in this case against Defendant, citing Federal Rules of Civil Procedure 15(a) and 20(a).

Plaintiff filed its Complaint in Lake County, Indiana, Circuit Court on June 17, 2015. The case was removed to this Court by Defendant on July 17, 2015. The Complaint brings claims of tortious interference with contract, defamation, defamation per se, libel, and slander.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that the court "should freely give leave when justice so requires." *Id.* Thus, if the underlying facts or circumstances relied upon by a party are a potentially proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). {However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).}

Regarding the joinder of plaintiffs, Federal Rule of Civil Procedure 20(a) provides:

**(1)** *Plaintiffs***.** Persons may join in one action as plaintiffs if:

**(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

**(B)** any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). "The standard for permissive joinder under Rule 20 is liberal." *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007).

Plaintiff asserts that Stewart, Kight, Gibbons, Sargent, and Hornbeck have a right to relief for personal damages they suffered as a result of Defendant's conduct against Plaintiff, and that those injuries arise from the same series of occurrences through which Defendant is liable to Plaintiff, as each pilot was flying for Plaintiff at the time that Defendant made damaging and wrongful recommendations to the FAA about their respective professional skills on April 8 and June 17, 2015. The pilots' claims against Defendant arise from the same questions of law as they allege the same claims against Defendant for the same wrongs but seek recovery for personal damages each pilot incurred from Defendant's conduct. In addition, the claims present several identical question

of fact, namely whether Defendant's recommendations to the FAA were wrongful.

Plaintiff also seeks to add claims that arise only under federal law now that the case has been removed to federal court.

Diversity jurisdiction is not destroyed by the addition of the five pilots. Plaintiff, which is a limited liability company, is a citizen of the state of each of its members. Plaintiff members are ten individual pilots who are domiciled in and, thus, citizens of North Carolina, Georgia, and South Carolina. Defendant is a not-for-profit corporation incorporated in the state of Wisconsin with its principal place of business in Virginia and, thus, is a citizen of the states of Wisconsin and Virginia. The five pilots that Plaintiff seeks to join are domiciled in and, thus, citizens of North Carolina and South Carolina.

Finding that the requirements of Rule 20 have been met and that justice requires granting leave to amend and noting that Defendant has not filed an objection, the Court hereby **GRANTS** the Motion for Leave to File Plaintiffs' Amended Complaint and Join Additional Plaintiffs [DE 41] and **ORDERS** Plaintiff to **FILE** the Amended Complaint on or before **July 15, 2016**.

SO ORDERED this 12th day of July, 2016.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT