**United States District Court
Northern District of Indiana
Hammond Division**

| | | |
|---|---|---|
| THOSE AMAZING PERFORMERS LLC, d/b/a Team AeroDynamix, MICHAEL STEWART, DANNY KIGHT, ROBERT GIBBONS, TAD SARGENT, and JOHN HORNBECK, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 2:15-CV-273 JVB |
| INTERNATIONAL COUNCIL OF AIR SHOWS INC., | ) ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the motion of International Council of Air Shows Inc. ("ICAS") to dismiss Plaintiffs' complaint.

**A.      Plaintiffs' Complaint**

According to the complaint, Plaintiff Those Amazing Performers LLC, d/b/a Team AeroDynamix ("AeroDynamix") is an aerobatic team that performs ten-pilot routines at air shows across the United States. The other plaintiffs— Michael Stewart, Danny Kight, Robert Gibbons, Tad Sargent, and John Hornbeck— are pilots who were employed by AeroDynamix. Stewart is the founder and team leader of AeroDynamix. In order to perform aerobatics at air shows, each pilot must hold a certificate issued by the Federal Aviation Administration ("FAA") called a Statement of Aerobatic Competency ("SAC") card.

Defendant International Council of Air Shows ("ICAS") is a private not-for-profit

corporation to which the FAA has delegated authority to evaluate pilots under the FAA's Aerobatic Competency Evaluation ("ACE") program and make recommendations to the FAA regarding the issuance, re-evaluation, or rescission of SAC cards. ICAS has a Safety and Operations Committee whose members are also members of air show teams that compete with AeroDynamix. The ACE committee, a subcommittee of the Safety and Operations Committee, is also composed of members of air show teams in competition with AeroDynamix. Plaintiffs assert that these individuals had an economic interest in preventing AeroDynamix from performing at air shows, such that allowing them to serve on ICAS committees with the power to regulate other air show teams is a conflict of interest.

After an incident at an air show in Alabama in March 2015, involving two of AeroDynamix's pilots, a group of ICAS members investigated and recommended that ICAS's Safety and Operations Committee recommend to the FAA revocation of the SAC cards for all ten AeroDynamix pilots, which the FAA did on April 10, 2015. Plaintiffs allege that ICAS's recommendation was unrelated to any genuine safety concerns regarding AeroDynamix's pilots. They further allege that re-evaluating the pilots and reissuing their SAC cards has been unduly delayed.

On April 17, 2015, ICAS began an additional investigation into the safety practices of AeroDynamix, which Plaintiffs maintain was unjustified and unrelated to the safety practices of AeroDynamix but instead undertaken as a pretext to prevent AeroDynamix from participating in the air show industry. As part of this investigation, a Safety Review Committee, composed of members of other air show teams in direct competition with AeroDynamix, investigated AeroDynamix. Again Plaintiffs allege that the committee members' economic interest in

2

preventing AeroDynamix from performing created a conflict of interest.

On June 17, 2015, ICAS issued a memorandum to the FAA with recommendations that Plaintiffs allege were calculated to damage AeroDynamix's business, including the recommendation that AeroDynamix be restricted to flying an air show team of no more than four pilots. The memorandum also criticized Stewart's leadership of AeroDynamix and required AeroDynamix pilots to execute an indemnification agreement as a condition of the re-issuance of their SAC cards. The agreement required AeroDynamix's pilots to indemnify ICAS members for attorney's fees and costs arising from any lawsuit brought because of ICAS's evaluations of AeroDynamix's pilots and waive all of ICAS's liabilities. Plaintiffs allege that the recommendations in the June 17 memorandum were not related to any failure of AeroDynamix's pilots to adhere to existing safety procedures and were unreasonable and unjustified. The FAA issued a memorandum on July 9, 2015, accepting the recommendations without substantial changes.

Plaintiffs claim that ICAS's recommendations to the FAA have deprived AeroDynamix of the ability to fly in fifteen air shows during the 2015 season. Further, ICAS's undue delay in reissuing its pilots' SAC cards has prevented AeroDynamix from scheduling air shows for the 2016 season and interfered with its business relationships with thirteen air show organizers.

In Count I of their complaint, Plaintiffs seek a declaratory judgment that the FAA's delegation of authority to ICAS is unconstitutional, that all ICAS's policies, regulations, or other findings are unconstitutional, and that ICAS's recommendations to the FAA concerning AeroDynamix and its pilots are unconstitutional, invalid, and no longer binding on them. Count II seeks a declaration that the indemnity agreement is unconscionable. In Count III, Plaintiffs

claim tortious interference with contracts AeroDynamix had with air show organizers. Count IV claims tortious interference with Plaintiffs' business relationships with air show organizers. Count V alleges that ICAS's recommendations interfered with employment contracts between AeroDynamix and four pilots who left the team.

Counts VI and VII allege that ICAS's April 8, 2015, and June 17, 2015, memoranda to the FAA are defamatory. Count VIII alleges that ICAS made defamatory statements to the air show industry. Counts IX and X allege that the April and June 2015 memoranda constitute trade libel.

Count XI alleges that various individuals who are competitors of AeroDynamix conspired with ICAS to exclude AeroDynamix from the air show market under the guise of enforcing FAA regulations, in violation of anti-trust laws. Count XII is a claim that ICAS's members conspired with it to monopolize the air show market, in violation of anti-trust laws.

Finally, in Count XIII, Plaintiffs claim that ICAS denied them due process by not giving them a meaningful opportunity to be heard during its investigation.

**B.     Discussion**

ICAS first argues that this Court lacks subject matter jurisdiction over Plaintiffs' claims because they are collateral attacks on FAA administrative orders so that the exclusive forum to assert such claims is the appropriate circuit court under 49 U.S.C. § 46110. But ICAS has not provided the Court with any document that is even vaguely recognizable as an FAA order. It claims that a July 9, 2015, letter from an FAA official to the president of ICAS (DE 52-4) is an FAA order denying Plaintiffs' appeals of the recision of their SAC cards. This letter is not

addressed to the Plaintiffs—they are not even listed as receiving copies—but instead is a "request" from the FAA to ICAS that ICAS adopt and implement certain FAA recommendations concerning AeroDynamix and its pilots. Nowhere does the letter mention the denial of any appeal. The Court is unable to determine that Plaintiffs' claims are inextricably intertwined with an FAA communication that doesn't even purport to be an order directed to them. Accordingly, Plaintiffs' complaint will not be dismissed for lack of subject matter jurisdiction.

ICAS argues that Count I of Plaintiffs' complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(7) because the FAA is a required party under Federal Rule of Civil Procedure 19 whose joinder in this litigation is not feasible. Plaintiffs' only response is that they are merely seeking a declaration that ICAS exceeded the scope of the authority granted it by the FAA and that the FAA's presence is not required for such a determination.

Despite Plaintiffs' assertion to the contrary, Count I plainly challenges the constitutionality of the FAA's delegation of authority to ICAS. (*See* Compl., DE 46 at 11–12. "Plaintiffs . . . prays [sic] that this Court enter judgment finding and declaring the following: (a) That the FAA's delegation of authority to ICAS is unconstitutional . . ..") The Court is convinced that the FAA is a required party with respect to Count I. However, ICAS has not persuaded the Court that the FAA's joinder is not feasible. In such circumstances, under Rule 19(a)(2), the Court must order that the FAA be made a party. Accordingly, the Court will order Plaintiffs to join the FAA as a defendant in this law suit as to Count I within twenty-eight days of the entry of this order. In the alternative, Plaintiffs may dismiss Count I from their complaint.

ICAS also claims that Counts XI and XII of Plaintiffs' complaint must be dismissed because ICAS is a federal instrumentality that is absolutely immune from antitrust liability. But

immunity is an affirmative defense and as such is ordinarily not proper for adjudication on a motion to dismiss. *Xechem, Inc. v. Bristol-Myers Squibb Co.,* 372 F.3d 899, 901 (7th Cir. 2004). Moreover, Defendant simply has sufficiently explained the relationship between ICAS and the FAA to decide at this stage of the litigation that ICAS is entitled to immunity as a federal instrumentality. Therefore the Court will not dismiss Plaintiffs' antitrust claims at this time.

Finally, ICAS seeks dismissal of Count XIII of Plaintiffs' complaint, which is labeled a due process claim. Plaintiffs have not responded to ICAS's arguments. The only basis for their claim against ICAS for damages for the violation of a federal constitutional right is the *Bivens* doctrine, which is inapplicable to corporate defendants even if they are acting under color of federal law. *Muick v. Glenayre Electronics*, 280 F.3d 741, 742 (7th Cir 2002). Thus, Count XIII of the complaint will be dismissed.

**C.     Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. It is **GRANTED** with respect to Count XIII but **DENIED** as to all other counts. Plaintiffs are **ORDERED** to join the FAA as a defendant as to Count I of this law suit within twenty-eight days of the entry of this order. Alternatively, Plaintiffs may dismiss Count I of their complaint.

SO ORDERED on September 25, 2017.

     s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge