# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| THOSE AMAZING PERFORMERS, LLC, d/b/a Team AeroDynamix, et al.<br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL COUNCIL OF AIR SHOWS,<br>Defendant. | Civil Case Number: 2:15-cv-00273-JVB-JPK |

## OPINION AND ORDER

### A. Legal Standard

Those Amazing Performers, LLC, d/b/a Team AeroDynamix ("AeroDynamix") sued International Council of Air Shows, Inc. ("ICAS") for its role in investigating and reporting to the Federal Aviation Administration ("FAA") on AeroDynamix performance. ICAS has moved to dismiss for lack of subject matter jurisdiction arguing that (1) this matter falls under the exclusive jurisdiction of the courts of appeals pursuant to 49 U.S.C. § 46110 because the FAA letter dated July 9, 2015, is a final order, and (2) all claims are inextricably intertwined with the final order of the FAA.

### B. Background Facts

AeroDynamix is an aerobatic air show team. Statements of Aerobatic Competency cards ("SAC cards") are required by the FAA to perform airshows. On March 29, 2015, two AeroDynamix pilots were involved in an incident during an airshow performance in Alabama. Following this incident, ICAS led an investigation into AeroDynamix's safety procedures. ICAS

1

has been delegated authority by the FAA to investigate and evaluate pilots under the Aerobatic Competency Evaluation Program specifically designed to regulate the issuance of SAC cards.

After its investigation, ICAS recommended to the FAA the SAC cards of all ten of AeroDynamix's pilots should be revoked. The FAA rescinded the SAC cards according to ICAS's recommendations.

ICAS investigated AeroDynamix again on April 17, 2015. Its recommendations to the FAA after this investigation suggested that, before AeroDynamix pilots be re-issued their SAC cards, among other things, it should sign an agreement limiting the number of pilots flying during a show to four, and all pilots should sign an agreement indemnifying ICAS. The FAA, upon review of ICAS's memorandum, accepted and implemented these recommendations in a letter issued on July 9, 2015.

AeroDynamix is suing ICAS for its role in the investigation, its motives, and the injury it allegedly caused AeroDynamix.

### C. Final Order

The courts of appeals have "exclusive jurisdiction to affirm, amend, modify, or set aside any part of the [FAA's] order." 49 U.S.C. § 46110(c). An order must be final to be reviewable. *Sima Products Corp. v. McLucas*, 612 F.2d 309, 312–313 (7th Cir. 1980). Orders have been construed very broadly under the Federal Aviation Act and for purposes of direct review. *Id.*

AeroDynamix argues 49 U.S.C. § 46110 does not apply here because the FAA's July 9, 2015, letter was not a final order. Courts have consistently looked at two factors to determine an order's finality: (1) whether the agency decision imposes an obligation, denies a right, or fixes some legal relationship, and (2) marks the consummation of the agency's decision-making

process. *See Friedman v. FAA*, 841 F.3d 537 (D.C. Cir. 2016); Green v. Brantley, 981 F.2d 514 (11th Cir. 1993); *Pucciariello v. United States*, 116 Fed. Cl. 390 (Fed. Cl. 2014); *Ligon v. Lahood*, 614 F.3d 150 (5th Cir. 2010); *Gilmore v. Gonzales*, 435 F.3d 1125 (9th Cir. 2006).

Here, the FAA's July 9, 2015, letter imposes obligations upon AeroDynamix to re-evaluate its issuance of SAC cards. For example, AeroDynamix must enter into an agreement reducing the number of aircrafts in its air shows before a re-evaluation of its SAC cards can begin. In addition, one of the pilot's SAC card revocation was extended to December 31, 2015, and only then be eligible for re-evaluation. (DE 66-1 p. 6). This denies the pilot's right to a SAC card.

Furthermore, the wording of the FAA's July 9, 2015, letter clearly shows the consummation of the agency's decision-making process: "After consultation and deliberation, AFS-800 has completed our FAA internal investigation . . . [w]e have completed our review of the submitted ICAS recommendations." (DE 66-1 pp. 5–6).

Therefore, since the FAA letter has denied rights, imposed legal obligations, and marks the consummation of the FAA's decision-making process, it is considered a final order and subject to the exclusive jurisdiction of the courts of appeals.

Furthermore, any ambiguities as to jurisdiction over FAA decisions should be decided in favor of the courts of appeals. *Suburban O'Hare Com. v. Dole*, 787 F.2d 186, 192 (7th Cir. 1986) (rev'd on other grounds).

### D. Inextricably Intertwined

In addition to having exclusive jurisdiction over FAA orders, the courts of appeals have exclusive jurisdiction over any claims inextricably intertwined with FAA orders. *Merritt v.*

*Shuttle*, Inc., 187 F.3d 263, 270 (2d Cir. 1999). Among factors courts consider in determining if a claim is inextricably intertwined are the following: if the injury results from the FAA order, and if the claim challenges the motivations or circumstances surrounding an investigation leading to a FAA order. *Id.* at 270–71; *Durso v. Napolitano*, 795 F. Supp. 2d 63, 70 (D.D.C. 2011).

    1. *Injury*.

A claim is inextricably intertwined if the alleged injury stems from the FAA order. *Durso*, 795 F. Supp. 2d at 70.

Here, AeroDynamix's injuries stem from the revocation of their pilots' SAC cards. The FAA order implementing ICAS's recommendations is the reason for their injuries because, if it wasn't for that order, AeroDynamix would be able to perform and their economic loss would not have resulted. The damages claimed by AeroDynamix all result from not being able to perform and conduct business because they do not have its pilots SAC cards. The only thing standing between them and their SAC cards is the FAA order. Therefore, this Court would not be able to give them the relief they are requesting without disqualifying the FAA order, at least in part, which is not within this Court's jurisdiction.

Because the injuries of AeroDynamix stem from the FAA order, their claims are inextricably intertwined with that order, falling within the exclusive jurisdiction of the courts of appeals: "A claim is inescapably intertwined . . . if it alleges that the plaintiff was injured by [an] order." *Merritt v. Shuttle, Inc.*, 245 F.3d 182, 187 (2d Cir. 2001).

## 2. *Motivations and circumstances of investigation.*

Any claims contesting the motivations and circumstances surrounding an investigation leading to an FAA order are considered inextricably intertwined with that order. *Merritt*, 187 F.3d at 270–71. This would lead to a review of evidence and the credibility the FAA assigned to it in issuing its order, making it inextricably intertwined with the order. *Id.*

Here, AeroDynamix is bringing claims against ICAS for its conduct during its investigations, specifically is motives and circumstances surrounding the investigations. These investigations, and ICAS's recommendations, resulted in the FAA order. If this Court were to review the motivations and circumstances surrounding the investigation, it would be reviewing the weight of the evidence presented to the FAA. This is inextricably intertwined with the order, and all claims related to motivations and circumstances of an investigation resulting in an FAA order correctly fall under the exclusive jurisdiction of the courts of appeals.

Two cases resulting from the same events best illustrates the concept of inextricably intertwined: the *Merritt* cases. *Merritt v. Shuttle, Inc.*, 187 F.3d 263 (2d Cir. 1999); and *Merritt v. Shuttle, Inc.*, 245 F.3d 182 (2d Cir. 2001). These cases deal with the revocation of the plaintiff's pilot license after a tumultuous takeoff in dangerous conditions that resulted in the damage to one of the plane's wings. *Merritt*, 187 F.3d 263 at 265. In both cases the questions of subject matter jurisdiction in the district court and the doctrine of inextricably intertwined were examined.

The first case was dismissed because the claims were inextricably intertwined with the agency order because the plaintiff was challenging the circumstances leading to the order revoking his pilot's license. *Merritt*, 187 F.3d 263 at 270–72. His claim challenged the motivation and circumstances leading to his pilot's license revocation. *Id.*

5

In contrast, in the second case, the plaintiff challenged the negligence of the FAA in clearing his takeoff. *Merritt*, 245 F.3d 182 at 189–90. The injury he claimed was not that the actions of the FAA resulted in the order revoking the pilot's license, but rather that he suffered post-traumatic stress and other mental and physical conditions as a result of the takeoff incident. *Id.* This claim was found not to be inextricably intertwined with the agency order and therefore not within the court of appeals exclusive jurisdiction. *Id.* at 190–92

Similar to the first *Merritt* case, AeroDynamix's claimed injuries relate to the FAA order, unlike the second *Merritt* case, where the FAA order had no connection to the injuries the pilot was claiming. Therefore, Plaintiff's claims are inextricably intertwined with the FAA order and subject to the exclusive jurisdiction of the courts of appeals.

### E. Conclusion

The Court finds that:

1. The FAA letter dated July 9, 2015, is a final order;
2. AeroDynamix's claims are inextricably intertwined with the FAA order; and
3. This Court does not have subject matter jurisdiction over this case under 49 U.S.C. § 46110.

Therefore, the Court grants International Council of Air Shows' motion to dismiss.

SO ORDERED on November 15, 2019, 2019.

                                                 s/ Joseph S. Van Bokkelen
                                                JOSEPH S. VAN BOKKELEN
                                                UNITED STATES DISTRICT JUDGE